UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DARIO GUTIERREZ MOJICA,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE SERVICE PROCESSING CENTER,<br>Respondents. | No. 1:26-cv-06989-DJC-JDP<br><br>RELEASE ORDER<br><br>A# 094-878-986 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Court directed Respondents to file a preliminary response based on the information in the Petition. (ECF No. 4.) Respondents concede that Petitioner is eligible for a bond hearing and note that Petitioner has previously been scheduled for two bond hearings that did not occur "[f]or reasons unclear to [Respondents' Counsel.]" (ECF No. 6 at 1.) The lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release. While Petitioner was detained by the Government after his criminal arrest for what the Court appreciates are serious charges, Petitioner has now been detained for well over a year

without a bond hearing. Given this case involves an overstay of Petitioner's visa – a circumstance in which Respondents have consistently conceded detainees are entitled to a bond review – Petitioner is entitled to release based on the lengthy failure to provide him with the statutorily mandated bond hearing.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Ramon Dario Gutierrez Mojica from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve Mesa Verde Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE